# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

T. MARZETTI COMPANY,        :

                :

    **Plaintiff,**          :        **Case No. 2:09-CV-584**

                :

    **v.**               :        **JUDGE ALGENON L. MARBLEY**

                :        **MAGISTRATE JUDGE KING**

**ROSKAM BAKING COMPANY,**    :

                :

    **Defendant.**         :

## OPINION AND ORDER

## I. INTRODUCTION

This matter is before the Court on: (1) Defendant, Roskam Baking Company's ("Roskam") Motion to Separate Trial on Liability from Trial on Monetary Recovery (Doc. 53) (the "Motion to Bifurcate Trial"); (2) Roskam's Motion in Limine to Prevent T. Marzetti Company ("Marzetti") from Referring to Its Alleged Texas Toast Trademark (Doc. 54; the "Trademark Motion in Limine"); (3) Marzetti's Motion in Limine (Doc. 69) to exclude certain internet printouts of menus and restaurant recipes that were attached to Roskam's Response to Marzetti's Motion for Partial Summary Judgment (the "Internet Documents Motion in Limine"); (4) Roskam's Motion in Limine to Exclude Alleged Evidence of Actual Confusion (Doc. 71; the "Email Motion in Limine"); (5) Roskam's Motion in Limine to Exclude Limited Testimony of Michael J. Rolcik (Doc. 72; the "Rolcik Motion in Limine"); (6) Roskam's Motion in Limine to Exclude Testimony of Jeffrey M. Samuels (Doc. 73; the "Samuels Motion in Limine"); and (7) Roskam's Motion in Limine to Exclude Testimony of Marilyn Harris (Doc. 74; the "Harris Motion in Limine"). For the reasons set forth below: (1) the Motion to Bifurcate Trial is

**GRANTED**; (2) the Trademark Motion in Limine is **DENIED**; (3) the Internet Documents Motion in Limine is **DENIED**; (4) the Email Motion in Limine is **DENIED**; (5) the Rolcik Motion in Limine is **held in ABEYANCE**; (6) the Samuels Motion in Limine is **DENIED**; and (7) the Harris Motion in Limine is **DENIED**.

## II. LAW AND ANALYSIS

### 1. Motion to Bifurcate Trial

Roskam's Motion to Bifurcate Trial argues that the Court and the Parties will save time and resources by separating trial on the issue of liability from a determination of any damages. Roskam argues that if the Court first determines liability, then only either Marzetti or Roskam will need to present evidence on the issue of damages. Marzetti does not oppose the Motion to Bifurcate.

Federal Rule 42(b) allows that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial on one or more separate issues." Fed. R. Civ. P. 42(b). The Sixth Circuit has stated that "[b]ifurcation of issues of liability from those relating to damages is an obvious application of Rule 42(b). Logically, liability must be resolved before damages may be considered. Often the evidence relevant to the two issues of liability and damages is wholly unrelated. *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988). In this case, a determination of liability may limit the need for both Marzetti and Roskam to put forth evidence of damages, thus saving judicial time and resources. Roskam's Motion to Bifurcate Trial is **GRANTED**.

### 2. Trademark Motion in Limine

Roskam's Trademark Motion in Limine argues that Marzetti should be required to refer

to its alleged trademarks only as "New York Brand The Original Texas Toast" or "The Original

Texas Toast," and that Marzetti should not be able to dissect out "Texas Toast" from these

marks.  Roskam argues that this is irrelevant, under Fed. R. Evid. 402, and may confuse the

issues, under Fed. R. Evid. 403. Roskam further asserts that Jeffrey Noble, Marzetti's Vice

President of Retail Business Development recognized that Marzetti's alleged trademark was in

"New York Brand Original Texas Toast."  (*See* Doc. 34 Ex. 4 Marzetti 30(b)(6) Dep.) Marzetti

takes the position that "Texas Toast" and "The Original Texas Toast" are the marks that are

actually at issue in this case, evidenced by all claims, pleadings, and the two Marzetti

applications with the United States Patent & Trademark Office.  Marzetti also argues that

Roskam has consistently recognized the existence of a "New York Brand" trademark separately

from any reference to "Texas Toast" or "The Original Texas Toast."

All relevant evidence is admissible but "may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice [or] confusion of the issues." Fed. R.

Evid. 402, 403.   In the recent Order on the various Motions for Summary Judgment this Court

recognized that the marks at issue in this case are "Texas Toast" and "The Original Texas

Toast." (*See* Doc. 88 Order.)  Reference by Marzetti to "Texas Toast" is not irrelevant, nor does

it tend to confuse the issues.  Roskam's Trademark Reference Motion in Limine is **DENIED**.

### 3. Internet Documents Motion in Limine

Marzetti's Internet Documents Motion in Limine argues that certain menus and

restaurant recipes that were attached to Roskam's Response to Marzetti's Motion for Partial

Summary Judgment are unauthenticated, under Fed. R. Evid. 901, and that they are inadmissible

and irrelevant hearsay, under Fed R. Evid. 802.  Roskam counters that the internet printouts

comply with authentication requirements under the federal rules because they are distinctive, such that no testimony is required for authentication. Further, Roskam argues that the documents are not hearsay because the internet printouts are not asserted for the truth of the matters contained therein, but instead to show that the phrase "Texas Toast" in the context of croutons is used in each internet document.

The federal rules require "authentication or identification" of evidence "as a condition precedent to admissibility...sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901. Circumstantial evidence, including the document itself, can be sufficient to support a finding for authentication of a document. *John Paul Mitchell Sys. V. Quality King Distributers, Inc.*, 106 F. Supp.2d 462, 272 (S.D.N.Y. 2000); *see also Moose Creek, Inc. v. Abercrombie & Fitch Co.*, 331 F. Supp.2d 1214, 1225 ("[E]ven if Abercrombie is not actually able to properly authenticate the [internet] documents, the fact that pictures of clothing bearing a moose logo are commonly posted on the internet, and that the clothing is purportedly advertised for sale by sellers other than Plaintiffs is still probative evidence that customers may be familiar with clothing bearing a moose logo, which is not sold by plaintiffs.").

Under the federal rules hearsay is inadmissible unless subject to an exception. Fed. R. Evid. 802. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801. Here, the internet menus and recipes are not being offered for the truth of the matter asserted, that they are indeed menus and recipes. Rather, they are being offered to show how the words "Texas Toast" are used.

The Court finds that assuming the proper foundation is laid for the introduction of each

document in question, the documents may be authenticated and are not hearsay. Marzetti's

arguments go toward the weight to be given to these internet printouts rather than their

admissibility. Marzetti's Internet Documents Motion in Limine is **DENIED**.

### 4. Email Motion in Limine

Roskam's Email Motion in Limine to prevent Marzetti from using an email dated July

13, 2009, sent from Diane Meale to Roskam's Customer Service Department (the "Meale

Email")[1] as evidence in the likelihood of confusion analysis. Roskam argues that the Meale

Email is inadmissible hearsay, under Fed. R. Evid. 801(c) and Fed. R. Evid. 802, that the

declarant is unidentifiable for purposes of the hearsay analysis, and that the email is not subject

to any of the hearsay exceptions, under Fed. R. Evid. 803. Marzetti counters that the Meale

Email is admissible under Fed. R. Evid. 803(3) state of mind exception to the hearsay rule.

Analysis under federal trademark and unfair competition statutes considers "whether the

defendant's use of the disputed mark is likely to cause confusion among consumers regarding the

origin of the goods offered by the parties." *Daddy's Junky Music Stores, Inc. v. Big Daddy's

Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir.1997). The Sixth Circuit has held that evidence

of actual confusion is one of eight factors to be considered in the likelihood of confusion

---

[1]The email reads, in pertinent part:
My family and I just wanted to comment on these croutons. We actually
purchased this brand by accident, we usually buy another Texas Toast brand.
Although we were more than willing to try your brand, we found them to be
unsatisfying. They are terribly hard, for one thing. Also they are cut in such big
pieces that one must cut them to be able to eat them with salad (not an easy thing
considering how tough they are). When cutting them they break into tons of
pieces.
I'm sure you want to make the best product for your customers, so I thought you
would find our opinion helpful. I hope you will take it into consideration.
(Doc 36 Pl. Mot. for Summ Judg. Ex. A  pp. 1-2.)

analysis.  *See Frish's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F. 2d 642, 648 (6th Cir. 1982) (quoting *Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F. 2d 788 (9th Cir. 1981)).

As stated above, hearsay is generally inadmissible under the Federal Rules of Evidence. Fed. R. Evid. 802.  The state of mind exception allows admission of "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed."  Fed. R. Evid. 803(3).  Other courts have found correspondence similar to the Meale email to be admissible under the state of mind hearsay exception.  *See OmniAmerica Group. v. Street Gold Records, Inc.*, 916 F.Supp. 672, 679 (N.D. Ohio 1996) (admitting "a log of radio listeners who have called WMJI out of confusion" and letters and facsimiles from confused listeners); *Freddie Fudruckers, Inc. v. Ridgeline, Inc.*, 589 F. Supp. 72, 76 (N.D. Tex. 1984) ("Hearsay letters and statements of consumers are admissible in evidence under Fed. R. Evid. Rule [sic] 803(3) where they reveal the then existing state of mind of the writers and speakers and their state of mind is relevant to the case.").  The Court finds that the Meal Email is admissible under the state of mind exception to the hearsay rule and therefore, Roskam's Email Motion in Limine is **DENIED**.

### 5. Rolcik Motion in Limine

Michael J. Rolcik ("Rolcik") is a rebuttal expert for Marzetti.  Roskam argues that certain portions of Rolcik's testimony are outside the scope of the testimony offered by Roskam's expert witnesses: Dr. Kevin Lang ("Lang"), Chef Michael Bologna ("Bologna"), and James Dibble ("Dibble").  Marzetti counters that Rolcik's testimony directly contradicts assertions made by Roskam's experts.  In the Final Proposed Pretrial Order, Roskam indicated that it will call

Bologna and Dibble at trial, and that it may call Lang at trial. Depending on the length of trial, all three of these witnesses may testify live.

The live testimony of Roskam's experts will frame the scope of the testimony Rolcik may give as a rebuttal expert. Rolcik will be allowed, therefore, to testify as to matters to which he is qualified and that are within the scope of Bologna, Dibble, and Lang. Thus, the Court will not rule on the motion at this time and the Rolcik Motion in Limine will be **held in ABEYANCE**.

### 6. Samuels Motion in Limine

Jeffrey M. Samuels ("Samuels") is an expert witness on behalf of Marzetti. In the Samuels Motion in Limine, Roskam argues that Samuels' testimony masks legal conclusions as opinions, that these legal conclusions are not disputed and that Samuels' testimony could be replaced by citations to law in a trial brief. Marzetti takes the position that Samuels will not be offering legal conclusions and that his testimony seeks only to explain what has happened with regard to Marzetti's applications at the United States Patent & Trademark Office ("PTO").

The federal rules allow expert testimony to assist the trier of fact in determining a factual issue. Fed. R. Evid. 702. Here, Marzetti has indicated that Samuels will testify about the process and procedure for applying for and obtaining a federal trademark registration with the PTO. This will provide the Court with the knowledge of the considerations and actions of the PTO in assessing trademark applications.

Mr. Samuels will be allowed to testify.[2] Roskam's disagreements with the nature of Mr.

---

[2]This Court notes that other courts have also permitted Samuels' expert testimony in similar situations. *See Children's Medical Center of Dallas v. Columbia Hospital at Medical City Dallas Subsidiary*, No. 3-04-CV-2436-BD 2006 U.S. Dist. LEXIS 9752 (N.D. Tex. March 10, 2006) (permitting Samuels to testify about the strength of a mark, third party usage, and a search report); *Knaack Manufacturing Co. v. Rally Accessories, Inc.*, 955 F. Supp. 991 (N.D. Ill.

Samuels' testimony go to the weight that the Court should give the testimony and not its admissibility. Therefore, Roskam's Samuels Motion in Limine is **DENIED**.

### 7. Harris Motion in Limine

Roskam filed a Motion in Limine to Exclude Testimony of Marilyn Harris (Doc. 74, the "Harris Motion in Limine"). Marilyn Harris ("Harris") is a rebuttal expert witness who may testify on behalf of Marzetti. Roskam argues that Harris does not have experience in the baking goods industry, that she no education or training in branding or consumer perception, and that her opinions concerning the meaning of the words "Texas Toast" is based on her experience. Marzetti counters that Harris, on the basis of her education, knowledge, skill, training and experience, can offer her opinions on the meaning of "Texas Toast" as to croutons. The federal rules, which governs the admissibility of expert testimony, allows for experts who are qualified based on their skills or experience. Fed. R. Evid. 702; *see also Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 538 (allowing witness who was an experienced business person to be qualified as an expert on whether consumers considered toy name to be generic). Here, Harris is qualified to discuss her understanding of the words "Texas Toast" based on her experience.[3]

-----

1997)(permitting Samuels to testify about trademark searches and the process for a trademark application).

[3]Roskam has stated:
Ms. Harris is a cooking teacher and consultant for the food industry. She has a B.S. degree in Home Economics from Mississippi Women's University with a foods specialty and has International Association of Culinary Professional (IACP) credentials as a certified culinary professional. She has also studied at the prestigious Cordon Bleu School in London, La Varenne and Bistro d'Hubert academies in Paris, and worked in the kitchens of Pierre Troigros, Georges Blanc and Georges Delange in Lyon. Over the years, she has guided multiple culinary groups throughout Europe. Ms. Harris is the author of three cookbooks, *Cooking with Marilyn*, *The Marilyn Harris Cooking School Cookbook,* and *Live! From*

That Harris' opinion testimony regarding the meaning of the words "Texas Toast" is based upon her skills or experience goes to the weight that this Court may give her testimony and not to admissibility. Accordingly, Roskam's Harris Motion in Limine is **DENIED**.

### III. CONCLUSION

For the reasons set forth above: (1) the Motion to Bifurcate Trial (Doc. 53) is **GRANTED**; (2) the Trademark Motion in Limine (Doc. 54) is **DENIED**; (3) the Internet Documents Motion in Limine (Doc. 69) is **DENIED**; (4) the Email Motion in Limine (Doc. 71) is **DENIED**; (5) the Rolcik Motion in Limine (Doc. 72) is **held in ABEYANCE**; (6) the Samuels Motion in Limine (Doc. 73) is **DENIED**; and (7) the Harris Motion in Limine (Doc. 74) is **DENIED**.

**IT IS SO ORDERED.**


    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: March 11, 2010**

---

*Marilyn's Kitchen* (all with Pelican Publishing, New Orleans). She also writes a bi-weekly featured food column in the *Cincinnati Enquirer* and her byline has appeared in national magazines and on numerous pamphlets and brochures. She has taught cooking classes for decades. For over 21 years, she has had a call-in radio show dedicated to cooking in the Cincinnati, Ohio area (where she obviously interacts with and educates many consumers of food products regarding shopping and cooking choices) and she has appeared numerous times on television. During her over 40-year career as a food professional, her activities have focused on teaching the consumer and home cooking. She has developed recipes and consulted on menus and marketing in the food industry for companies such as Procter & Gamble, Pillsbury, Jim Beam and Aramark. She is also a culinary consultant to BIGGS, a chain of grocery stores in greater Cincinnati and Northern Kentucky.

(Doc. 82 Pl. Resp. to Mot. in Limine pp. 3-4.)